United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 20, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————————

No. 02-51149

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDWARD LEE OUTLEY, III, also known as Edward Lee Outley,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Western District of Texas

————————————————

Before HIGGINBOTHAM, STEWART, and PRADO, Circuit Judges.

PER CURIAM:

A jury convicted Edward Lee Outley, III, of being a felon in possession of a firearm and ammunition. The probation officer recommended that Outley's offense level be increased by four under section 2K2.1(b)(5) of the United States Sentencing Guidelines (the Guidelines) because Outley possessed a firearm or ammunition in connection with another crime; specifically, "the King shooting." Testimony at the sentencing hearing linked Outley and the ammunition to the King shooting. Over Outley's objections, the district court increased Outley's sentence based on his having possessed or used a firearm or ammunition in

1

connection with "another felony offense" under section 2K2.1(b)(5) of the Guidelines.  Outley appeals and argues that the other felony offense in his case was too far removed in time and too different in type to be considered "relevant conduct" with regard to his crime of conviction.

Section 2K2.1(b)(5) provides that if the defendant used "any firearm or ammunition in connection with another felony offense" the Guidelines offense level must be increased by four levels. U.S.S.G. § 2K2.1(b)(5) (Nov. 2001).  Section 1B1.3 generally limits certain acts that may be used to increase a sentence to those that constitute "relevant conduct" with respect to the crime of conviction.  See U.S.S.G. § 1B1.3 & comment.  Section 1B1.3 applies in cross reference to Chapter Two of the Guidelines unless specified otherwise.  U.S.S.G. § 1B1.3(a).  Although this Court has not directly addressed whether "another felony offense" under section 2K2.1(b)(5) is limited to "relevant conduct" by virtue of the application of section 1B1.3, this Court previously considered the same question about the application of section 2K2.1(c)(1).

In United States v. Gonzales, this Court determined that section 1B1.3 does not restrict the application of section 2K2.1(c)(1).  See United States v. Gonzales, 996 F.2d 88, 91-92 (5th Cir. 1993).  While section 2K2.1(b)(5) provides for a four-level increase in the offense level, section 2K2.1(c)(1) provides that, when a firearm or ammunition is used or possessed in

2

connection with "the commission or attempted commission of another offense," the offense level is increased by application of other, specified, guidelines provisions. See U.S.S.G. § 2K2.1(c)(1). In Gonzales, this Court reasoned that section 2K2.1(c)'s "unlimited references to 'another offense,' indicates that it is not restricted to offenses which would be relevant conduct but embraces all illegal conduct performed or intended by defendant concerning a firearm involved in the charged offense." Gonzales, 996 F.2d at 92.

Although section 2K2.1(b)(5) requires that the other offense be a "felony," it is otherwise indistinguishable from section 2K2.1(c)'s "another offense" language. No dispute exists in the present case that the King shooting was a felony. As a result, no logical basis exists for applying the relevant-conduct restriction to section 2K2.1(b)(5) when the restriction does not apply to section 2K2.1(c).

Moreover, this Court previously analyzed the "in connection with" language of section 2K2.1(b)(5) and determined that "§ 2K2.1(b)(5) mandates an enhancement even if the defendant *only possesses* a firearm in connection with *any* other felony." United States v. Condren, 18 F.3d 1190, 1196 (5th Cir. 1994). Although the application of section 1B1.3 was not at issue, this Court plainly indicated that "another felony offense" should be given a very broad reading. Condren,18 F.3d at 1196. Based on

this reasoning, this Court concludes that section 1B1.3, the relevant-conduct guideline, does not apply to the enhancements prescribed for the use or possession of a firearm or ammunition in connection with other offenses under section 2K2.1.

Because section 1B1.3's relevant-conduct limits do not apply to other offenses under section 2K2.1, Outley's relevant-conduct analysis is irrelevant, and this Court need not consider whether the King shooting could be considered "relevant conduct" with regard to the crime of conviction.  Consequently, this Court affirms the judgment of the district court.

AFFIRMED.