United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 19, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 03-40636
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID KEITH BRUMMETT,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas

--------------------

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:

David Keith Brummett appeals from his 70-month sentence following his guilty-plea conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Brummett challenges the district court's determination at sentencing that he was responsible not only for two firearms charged in the indictment but also for two additional firearms under relevant conduct. Finding no error, we affirm.

I.

On January 18, 2001, police executed a search warrant at Brummett's home in connection with an investigation of a check

forging scheme. In addition to finding miscellaneous drug paraphernalia, police discovered a .22 caliber Jennings pistol and a 20 gauge Harrington & Richardson shotgun with a stock that had been altered to shorten the overall length. Brummett, who has two prior felony drug convictions, was indicted in counts one and two, respectively, for possession of these firearms. Brummett pleaded guilty to count one, and count two was dismissed.

On July 11, 2001, police went to Brumett's residence as part of an investigation into a methamphetamine laboratory. While searching Brummett's apartment, police found a .40 caliber Ruger handgun in a closet along with methamphetamine lab equipment. On September 5, 2001, while using Brummett as a confidential informant in a methamphetamine investigation, police discovered an SKS assault rifle, a methamphetamine lab, and methamphetamine in Brummett's motel room.

The district court held Brummett responsible under relevant conduct for the Ruger handgun and the SKS assault rifle. Applying the 2000 version of the sentencing guidelines, the district court increased Brummett's offense level by one pursuant to U.S.S.G. § 2K2.1(b)(1)(A) because the offense involved three to four firearms and also increased the offense level by four pursuant to § 2K2.1(b)(5) because the Ruger handgun and the SKS assault rifle were possessed in connection with another felony

offense, namely the intent to manufacture and the manufacture of methamphetamine. Applying these enhancements, the PSR determined Brummett's guideline range to be 63 to 78 months. Overruling Brummett's objections, the district court adopted the findings of the PSR and sentenced Brummett to 70 months in prison and three years of supervised release. Brummett timely appeals.

## II.

Brummett challenges the enhancements applied under both U.S.S.G. § 2K2.1(b)(1)(A) and § 2K2.1(b)(5) on the same basis. Brummett argues that the district court's relevant conduct determination and specific offense characteristic enhancements were erroneous because his possession of the Ruger handgun and the SKS assault rifle were not part of the same scheme or plan as the offense of conviction, which occurred on January 18, 2001, and were not charged in the indictment. He contends that such extraneous offense conduct should not be used to enhance a sentence in a felon-in-possession case, and he asserts that the conduct was too remote in time from the offense of conviction to warrant the increase in his offense level.

A district court's application of the sentencing guidelines is reviewed de novo, and its findings of fact are reviewed for clear error. United States v. Stevenson, 126 F.3d 662, 664 (5th Cir. 1997). A district court may consider non-adjudicated offenses (offenses for which the defendant has neither been

charged nor convicted) that occur after the offense of conviction, provided they constitute "relevant conduct" under U.S.S.G. § 1B1.3.  United States v. Vital, 68 F.3d 114, 118 (5th Cir. 1995).

Relevant conduct includes offenses that are part of the same course of conduct or common scheme or plan as the offense of conviction.  Id.; see § 1B1.3(a)(2).  "For two or more offenses to constitute part of a common scheme or plan, they must be substantially connected to each other by at least one common factor, such as common victims, common accomplices, common purpose, or similar modus operandi."  § 1B1.3, comment. (n.9(A)). "Offenses that do not qualify as part of a common scheme or plan may nonetheless qualify as part of the same course of conduct if they are sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses."  Id., comment. (n.9(B)). The determining factors are "the degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses."  Id.  A district court's determination of relevant conduct is reviewed for clear error. United States v. Solis, 299 F.3d 420, 461 (5th Cir. 2002).

In a case with facts similar to those present here, the Seventh Circuit upheld the district court's findings of relevant conduct and enhancement determinations under § 2K2.1(b)(1) where

a defendant had possessed an uncharged assault rifle along with two other weapons "within a six to nine month period." United States v. Santoro, 159 F.3d 318, 321 (7th Cir. 1998). Similarly, the Tenth Circuit has held that a pattern of possessing illegal firearms over a four to five month period is sufficient to constitute the "same course of conduct." United States v. Windle, 74 F.3d 997, 1000-01 (10th Cir. 1996); see also United States v. Powell, 50 F.3d 94, 104 (1st Cir. 1995)(holding that "the contemporaneous, or nearly contemporaneous, possession of uncharged firearms is, in this circuit, relevant conduct in the context of a felon-in-possession prosecution").

As the district court found, Brummett possessed four firearms on three separate occasions within a nine month period. He possessed all four firearms after a felony conviction. Brummett's pattern of behavior of possessing firearms was similar and regular, and the time period between the offenses permits a conclusion that the firearms possessions were part of an ongoing series of offenses. Santoro, 159 F.3d at 321; Windle, 74 F.3d at 1000-01; see § 1B1.3, comment. (n.9(B)).

### III.

The district court did not err in its conclusion that all instances of firearm possession set forth in the PSR were relevant conduct in relation to Brummett's offense of conviction.

Accordingly, Brummett's challenge to the enhancements under §

2K2.1(b)(1)and § 2K2.1(b)(5) must fail.

AFFIRMED.