United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 9, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-30931
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL K. LANDS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:03-CR-25-ALL
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Michael K. Lands appeals his sentence following his guilty plea conviction for one charge of being a convicted felon in possession of a firearm. Lands argues that the district court erred by assessing an adjustment to his base offense level in accordance with U.S.S.G. § 2K2.1(b)(5). Lands contends that the § 2K2.1(b)(5) adjustment was inappropriate because the discharge offense is subsumed within his conviction for being a felon in possession of a firearm. Because this precise argument was not raised in the district court, it is reviewed for plain error

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

only.  See United States v. Villegas, 404 F.3d 355, 362-63 (5th Cir. 2005).  Lands's argument concerning the disputed adjustment is unavailing.  The adjustment was based on Lands's act of discharging a firearm.  This act is distinct from his underlying offense of possessing a firearm and provides a proper basis for the adjustment.  See United States v. Outley, 348 F.3d 476, 477-78 (5th Cir. 2003).

Lands argues that the district court erred by departing upwardly at sentencing and imposing the statutory maximum term of imprisonment.  Our review of the record shows that the district court's choice to depart was properly based on Lands's substantial criminal history as well as his propensity towards violence, his obstruction of justice, and his risk of recidivism.  See U.S.S.G. § 4A1.3; see also United States v. Simkanin, 420 F.3d 397, 418 (5th Cir. 2005), cert. denied, 126 S. Ct. 1911 (2006); United States v. Ismoila, 100 F.3d 380, 397-98 (5th Cir. 1996); United States v. Daughenbaugh, 49 F.3d 171, 175 (5th Cir. 1995).  There is likewise no error in connection with the extent of the departure.  See Simkanin, 420 F.3d at 419; see also United States v. Smith, 417 F.3d 483, 491 (5th Cir.), cert. denied, 126 S. Ct. 713 (2005).

The judgment of the district court is AFFIRMED.