# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 26, 2008

Charles R. Fulbruge III
Clerk

No. 06-20754
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

SOLOMON APPIAH

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CR-15-ALL

Before JOLLY, DAVIS, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Solomon Appiah appeals his sentence following his guilty plea conviction for possession of a firearm by a convicted felon. Appiah argues that the district court erred by applying an enhancement pursuant to U.S.S.G. § 2K2.1(b)(5) (2005)[1] for his using or possessing a firearm in connection with another felony offense or possessing or transferring a firearm with knowledge, intent, or reason

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] This case applies the 2005 version of the Sentencing Guidelines. This provision has since been redesignated as U.S.S.G. § 2K2.1(b)(6).

to believe it would be used in connection with another felony offense. He asserts that there was insufficient evidence that he was involved in the September 13, 2005, shooting that the district court used to support the enhancement.

The presentence report (PSR) contained three statements from the victim of the September 13, 2005, shooting. While the statements were not consistent with each other and the victim was a felon with an admitted bias against Appiah, all three statements implicated Appiah, and ballistics evidence confirmed that the victim was shot with the firearm Appiah pleaded guilty to possessing. Appiah did not present any evidence to rebut the facts stated in the PSR. It is the defendant's burden to show that the information in the PSR is materially untrue, United States v. Betancourt, 422 F.3d 240, 248 (5th Cir. 2005), and absent rebuttal evidence, the district court is entitled to rely on the facts stated in the PSR. United States v. De Jesus-Batres, 410 F.3d 154, 164 (5th Cir. 2005). As the district court's factual determination was not implausible in light of the record as a whole, Appiah has not shown that the district court clearly erred by applying the enhancement. See United States v. Caldwell, 448 F.3d 287, 290 (5th Cir. 2006).

Appiah argues that the district court clearly erred by applying the § 2K2.1(b)(5) enhancement because the other felony offense found by the district court did not have a sufficient temporal relationship with the offense of conviction. Because Appiah did not raise this challenge below, we review for plain error. See United States v. Puckett, 505 F.3d 377, 383-86 (5th Cir. 2007), petition for cert. filed (Mar. 3, 2008) (No. 07-9712).

Appiah's offense of conviction was the possession of a firearm on October 29, 2005. The district court applied the § 2K2.1(b)(5) enhancement based upon Appiah's involvement in a shooting with the same firearm on September 13, 2005. As Appiah's involvement in the September 13, 2005, shooting involved his illegal possession of the firearm on September 13, 2005, the issue before us is - whether Appiah's possession of the firearm on September 13, 2005, was relevant

conduct as to the offense of conviction. See United States v. Brummett, 355 F.3d 343, 344-45 (5th Cir. 2003).

The district court was not required to make findings regarding relevant conduct because Appiah did not raise this issue below. See United States v. Ruiz, 43 F.3d 985, 989-92 (5th Cir. 1995), overruled on other grounds by United States v. Doggett, 230 F.3d 160, 163-64 (5th Cir. 2000). Appiah's assertion that the enhancement was improper because the September 13, 2005, shooting, itself was not relevant conduct is without merit. See United States v. Outley, 348 F.3d 476, 477-78 (5th Cir. 2003).

The district court found that Appiah possessed the same firearm on two occasions over the course of less than two months. Appiah's "pattern of behavior of possessing firearms was similar and regular, and the time period between the offenses permits a conclusion that the firearms possessions were part of an ongoing series of offenses." Brummett, 355 F.3d at 345. Accordingly, his possession of the firearm on September 13, 2005, was relevant conduct. See id. Appiah has not shown that the district court committed error, plain or otherwise, by applying the § 2K2.1(b)(5) enhancement. See id. at 344-45.

Appiah argues that his sentence was unreasonable because the district court improperly considered his employment history and commented on his prior convictions. Because Appiah did not argue that his sentence was unreasonable below, we review this issue for plain error. See United States v. Peltier, 505 F.3d 389, 391-92 (5th Cir. 2007), petition for cert. filed (Jan. 22, 2008) (No. 07-8978).

The district court sentenced Appiah within the properly calculated guidelines range. Accordingly, the sentence is presumptively reasonable. See United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006). Appiah has not rebutted the presumption of reasonableness or shown that the sentence was plainly erroneous. See id.; Gall v. United States, 128 S. Ct. 586, 597 (2007).

AFFIRMED.