<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4433**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

TARANCE LEVAR HAIRSTON,

                Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. N. Carlton Tilley, Jr., Senior District Judge. (1:07-cr-00189-NCT-1)

Submitted: June 18, 2009         Decided: June 22, 2009

Before NIEMEYER, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, David P. Folmar, Jr., Angela Hewlett Miller, Michael A. DeFranco, Assistant United States Attorneys, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tarance Levar Hairston appeals from his 100-month sentence, imposed pursuant to his guilty plea to possession of a firearm by a convicted felon. On appeal, Hairston contends that the district court erred at sentencing in determining that Hairston's possession of a semiautomatic firearm thirteen days prior to the date of the offense of conviction was relevant conduct. We affirm.

We review a district court's "relevant conduct" finding under U.S. Sentencing Guidelines Manual § 1B1.3 (2007) for clear error. United States v. Hodge, 354 F.3d 305, 315 (4th Cir. 2004). At sentencing, a district court properly may consider offenses for which the defendant has not been convicted, provided they constitute "relevant conduct." United States v. Bowman, 926 F.2d 380, 381-82 (4th Cir. 1991). Relevant conduct includes offenses that are part of the same course of conduct or common scheme or plan as the offense of conviction. United States v. McAllister, 272 F.3d 228, 233-34 (4th Cir. 2001).

Here, the undisputed evidence in the presentence report ("PSR") was that, on January 3, 2007, the police stopped a car in which Hairston was a passenger, and he fled. Officers found two bags of marijuana in the car, as well as a pistol under Hairston's seat. On January 16, officers apprehended

2

Hairston, who fled, and found a pistol in the area occupied by Hairston that fit Hairston's holster. On the basis of these facts, the district court concluded that Hairston rearmed himself after the seizure of his firearm used to protect his marijuana.

While Hairston's counsel asserted that the second firearm was obtained after a home invasion in order to protect Hairston's family, Hairston presented no evidence at sentencing. Absent an affirmative showing that the conclusions in the PSR are incorrect, the district court is free to adopt the findings therein. See United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990). Moreover, based on the evidence in the PSR, the district court's conclusions that the two offenses were related was simply not clear error. See United States v. Brummett, 355 F.3d 343, 345 (5th Cir. 2003) (possession of firearms by convicted felon on three separate occasions within a nine-month period was relevant conduct); United States v. Powell, 50 F.3d 94, 104 (1st Cir. 1995) (holding that nearly contemporaneous possession of firearms is relevant conduct in felon-in-possession prosecution).

Accordingly, we affirm Hairston's sentence. We dispense with oral argument because the facts and legal

3

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED