# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-11196
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 16, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ARTURO PACHECO,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CR-157

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Arturo Pacheco was convicted of being a felon in possession of a firearm and possessing cocaine with intent to distribute in violation of 18 U.S.C. §§ 922(g)(1), 942(a)(2) and 21 U.S.C. § 841(a)(1), (b)(1)(c). Pacheco appeals his 97-month, within-guidelines sentence. He argues that the district court erred in applying a four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(1)(B), based on the 11 firearms seized from his residence in two separate searches,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

one in December 2011, and one in February 2012, and in applying a two-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(4)(A), because stolen firearms were among the firearms seized during the December 2011 search. Pacheco asserts that those enhancements were based on unrelated incidents and that the stolen firearms were not part of the conduct that led to his convictions.

Pacheco's argument that the district court erred in applying the sentencing enhancements raises a claim of procedural error. *See Gall v. United States*, 552 U.S. 38, 51 (2007). In determining whether the district court committed procedural error, we generally review the application and interpretation of the Guidelines de novo and review factual findings for clear error. *United States v. Zapata-Lara*, 615 F.3d 388, 390 (5th Cir. 2010). However, where the appellant failed to object in the district court to the procedural error, this court reviews the procedural reasonableness of the sentence for plain error. *See United States v. Dominguez-Alvarado*, 695 F.3d 324, 327-28 (5th Cir. 2012).

In this case, Pacheco filed no objections to the presentence report and further affirmed at sentencing that he decided, after careful consideration, not to file any objections because the case law was not favorable to him. Instead, he argued that the district court should consider the circumstances surrounding the relevant conduct determination and use its discretion to determine an appropriate sentence.

We do not resolve whether Pacheco's statements were sufficient to preserve the issue he raises on appeal because, even if the error was preserved, Pacheco has shown no error at all regarding the application of the enhancements. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008). Pacheco's admitted possession of the firearms was relevant to his felon-in-possession conduct, notwithstanding the origin of the weapons or the fact

No. 14-11196

that the weapons were seized on different occasions. *See, e.g., United States v. Brummett*, 355 F.3d 343, 344-45 (5th Cir. 2003). Only two months elapsed between the two searches. During both searches, weapons and ammunition were found in Pacheco's home, and Pacheco was, at the time of both searches, a convicted felon. We find no reversible error with the application of the enhancements.

Accordingly, the judgment of the district court is AFFIRMED.