# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-11006
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 29, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WILLIE GEORGE JONES, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-118-1

Before STEWART, Chief Judge, and CLEMENT and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Willie George Jones, Jr., pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and was sentenced to 120 months of imprisonment and three years of supervised release. Jones argues that the district court erred in concluding that his March 20, 2015, aggravated assault was relevant conduct to his firearm offense. He contends that the aggravated

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-11006

assault cannot qualify as relevant conduct because it lacks similarity to the charged offense of felon in possession of a firearm, no regularity exists, and temporal proximity of six months alone is insufficient.  He asserts that the district court misinterpreted the similarity factor by focusing only on a singular common fact between the two offenses, that they both involved a gun, rather than comparing the conduct and entire factual circumstances.

Jones received a two-level increase to his base offense level under U.S.S.G. § 2K2.1(b)(1)(A) because his offense, including relevant conduct, included three firearms, and a four-level increase under § 2K2.1(b)(6)(B) because he possessed a shotgun, included as relevant conduct under U.S.S.G. § 1B1.3(a)(2), in connection with a felony offense--aggravated assault.  The district court found that Jones's unlawful possession of the shotgun used in an aggravated assault on March 20, 2015, was relevant conduct to his October 10, 2014, firearm-possession offense.

Contrary to Jones's argument, the issue is not whether the underlying felony offense of aggravated assault was relevant conduct in relation to his firearm offense.  The threshold question for the district court was whether Jones's illegal shotgun possession on March 20, 2015, was relevant conduct to his offense of illegal handgun possession on October 10, 2014.  *See* U.S.S.G. § 2K2.1(b)(6)(B), cmt. (n.14(E)(ii)).  Jones illegally possessed firearms on October 10, 2014 (the instant offense), January 10, 2015, and March 20, 2015.  These three unlawful firearm possessions occurred over a period of less than six months.  Jones illegally possessed firearms in furtherance of other criminal activity, illegal gambling and aggravated assault.  His pattern of illegal firearm possessions was similar and regular.  The district court did not clearly err in concluding that Jones's illegal shotgun possession was relevant conduct because it was part of his ongoing series of illegal firearm possessions over the

No. 15-11006

course of less than six months. *See United States v. Brummett*, 355 F.3d 343, 345 (5th Cir. 2003). Thus, the district court did not clearly err in applying the offense level increases under § 2K2.1(b)(1)(A) and § 2K2.1(b)(6)(B). *Id.*

AFFIRMED.