# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10288
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**

December 21, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROY RENE ANDRADE,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:15-CR-27-1

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Roy Rene Andrade appeals the sentence imposed following his guilty plea conviction for possession with intent to distribute 50 grams or more of methamphetamine in November 2014. He argues that the district court clearly erred in calculating the amount of methamphetamine attributable to him for relevant conduct purposes under U.S.S.G. § 1B1.3. Specifically, he argues that the methamphetamine possessed by him in connection with a February 2014

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

traffic stop should not have been considered as relevant conduct with respect to his offense of conviction.  Andrade did not dispute at sentencing that the methamphetamine recovered either in connection with the February 2014 traffic stop or the November 2014 traffic stop and search of his residence was possessed for the purpose of distribution to others.

Relevant conduct includes all acts and omissions "that were part of the same course of conduct or common scheme or plan as the offense of conviction." § 1B1.3(a)(2); *United States v. Wall*, 180 F.3d 641, 645 (5th Cir. 1999).  Drug offenses "may [] qualify as part of the same course of conduct if they are sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses." § 1B1.3, comment. (n.5(B)).  Relevant factors include "the degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses." § 1B1.3, comment. (n.5(B)).

The factors of temporal proximity and similarity weigh in favor of the offenses being counted as the same course of conduct.  *See United States v. Rhine*, 583 F.3d 878, 886-87 (5th Cir. 2009); *United States v. Brummett*, 355 F.3d 343, 344-45 (5th Cir. 2003).  Moreover, the evidence recovered during the November 2014 search of Andrade's residence supports a finding that he was involved in the regular distribution of methamphetamine.  *Cf. Rhine*, 583 F.3d at 889-91.

Accordingly, the district court did not clearly err in finding that the methamphetamine recovered following the February 2014 traffic stop should be considered relevant conduct for purposes of § 1B1.3.  *See United States v. Ekanem*, 555 F.3d 172, 175 (5th Cir. 2009); § 1B1.3, comment. (n.5(B)).  The district court's judgment is AFFIRMED.