# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-10067
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 4, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAMAL MINOR,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-80-1

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Jamal Minor was sentenced to a within-guidelines term of imprisonment following his plea of guilty to being a felon in possession of a firearm, a Glock pistol, in violation of 18 U.S.C. § 922(g)(1). Minor now appeals, contending that the district court erred in applying offense-level enhancements pursuant to U.S.S.G. § 2K2.1(b)(4)(B) and (b)(6)(B) based on his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

earlier arrest for possession of a different firearm, a Hi-Point pistol with an obliterated serial number, in connection with another felony drug offense.

Minor's challenges are without merit.  First, Minor has failed to brief and therefore waived any challenge to the application of the § 2K2.1(b)(6)(B) enhancement based on the district court's alternative finding that he possessed the Glock in connection with the felony of aggravated robbery.  *See United States v. Wikkerink*, 841 F.3d 327, 336 n.6 (5th Cir. 2016).  We affirm the § 2K2.1(b)(6)(B) enhancement on that unchallenged basis.  *Capital Concepts Props. 85-1 v. Mut. First, Inc.*, 35 F.3d 170, 176 (5th Cir. 1994).

Second, although Minor denies that he possessed the Hi-Point pistol at the time of his arrest in December 2015, he fails to establish how the district court clearly erred in relying on the PSR's unrebutted factual finding to the contrary.  *See United States v. Fuentes*, 775 F.3d 213, 220 (5th Cir. 2014).  Minor likewise fails to demonstrate any clear error in the district court's determination that his possession of both pistols in connection with criminal activity less than four months apart was part of the same series of offenses.  *See* U.S.S.G. § 1B1.3; *United States v. Brummett*, 355 F.3d 343, 344-45 (5th Cir. 2003).  Because the Hi-Point pistol with the obliterated serial number was therefore relevant conduct for the purposes of sentencing, the district court did not clearly err in applying the § 2K2.1(b)(4)(B) enhancement.

AFFIRMED.