# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11257

United States Court of Appeals
Fifth Circuit

**FILED**
August 6, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

     Plaintiff - Appellee

v.

LYNDEN BROWN,

     Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-79-1

Before CLEMENT, HAYNES, and WILLETT, Circuit Judges.

PER CURIAM:*

     Lynden Brown pleaded guilty to one count of being a felon in possession of a firearm. On December 18, 2017, police travelled to Brown's grandmother's home to arrest him on "multiple weapons charges." While police were en route, Brown entered Destiny McDaniel's vehicle as a passenger. When an officer turned onto the same street as McDaniel's vehicle, McDaniel sped away. The officer pursued McDaniel and Brown. During the pursuit, Brown threw a

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11257

stolen pistol out of the passenger-side window. Although he initially escaped, he was arrested on December 27, 2017.

Prior to his arrest, Brown had been involved in two firearm-related incidents. On July 29, 2017, he conspired with three individuals to burglarize vehicles. Later that day, police stopped a vehicle in which he was riding as a passenger with his co-conspirators. A search uncovered three firearms including a stolen pistol. Police also discovered ammunition and other items stolen from the burglarized vehicles. On August 7, 2017, police responded to a report of an individual brandishing a firearm outside of a vehicle. Brown was a passenger in the vehicle with two other individuals. Police discovered three pistols (one of which was stolen) and .03 ounces of marijuana in the vehicle.

Brown's December 2017 offense resulted in a base offense level of 20. His probation officer considered the prior firearm incidents as "relevant conduct" under the sentencing guidelines and assessed additional points.

Brown objected to the PSR on grounds that the July and August 2017 incidents were not relevant conduct for purposes of sentencing. At the sentencing hearing, the district court overruled his objections because the prior conduct was "similar to the instant offense, and the time integral [sic] between the offenses was not significant." Further, "the other occurrences have to do with the defendant unlawfully possessing a firearm as a felon."

Brown appeals. He renews his challenge to the treatment of his prior firearm incidents in July and August 2017 as relevant conduct for the purposes of applying the enhancements.[1]

---

[1] It might be possible to read Brown's brief as raising a separate argument about the propriety of his 4-level enhancement for possession of a firearm during the commission of another felony. But to the extent this represents a different argument from the one he raises about his other enhancements, it is inadequately briefed, and we decline to reach it. *See Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 532 (5th Cir. 1996). Brown also asserts both that 18 U.S.C. § 922(g)(1) is unconstitutional and that, even if it is not,

No. 18-11257

"A district court's application of the sentencing guidelines is reviewed *de novo*, and its findings of fact are reviewed for clear error." *United States v. Brummett*, 355 F.3d 343, 344 (5th Cir. 2003) (*per curiam*). However, "[a] district court's determination of relevant conduct is reviewed for clear error." *Id.* at 345. "There is no clear error if the district court's finding is plausible in light of the record as a whole." *United States v. Serfass*, 684 F.3d 548, 550 (5th Cir. 2012) (internal quotation marks omitted).[2]

A district court may apply guideline enhancements based on a defendant's relevant conduct. *Brummett*, 355 F.3d at 344; U.S.S.G. § 1B1.3(a). Relevant conduct includes "all acts and omissions . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2). Offenses are "part of the same course of conduct if they are sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses." U.S.S.G. § 1B1.3, cmt. n.5(B)(ii). Factors pertinent to making a same-course-of-conduct determination "include the degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses." *Id.*

In evaluating the degree of similarity, this court "inquire[s] whether there are distinctive similarities between the offense of conviction and the remote conduct that signal that they are part of a course of conduct rather than

---

knowledge of a firearm's interstate travel is a required element. Whatever the merits of the constitutional issue, these arguments—as Brown acknowledges—are foreclosed by binding precedent. *United States v. Alcantar*, 733 F.3d 143, 146 (5th Cir. 2013); *United States v. Rose*, 587 F.3d 695, 705–06 (5th Cir. 2009) (*per curiam*).

[2] Brown argues that a determination of relevant conduct is an application of the guidelines and thus subject to de novo review. However, this court, in *United States v. Cockerham*, rejected that argument and affirmed a clear-error standard because the relevant conduct "analysis [is] primarily factual, raising no substantial issues of law." 919 F.2d 286, 289 (5th Cir. 1990).

isolated, unrelated events that happen only to be similar in kind." *United States v. Rhine*, 583 F.3d 878, 888 (5th Cir. 2009) (internal quotation marks omitted).

In *Brummett*, the defendant pleaded guilty to possession of one firearm, but his sentence accounted for two additional firearms found in his possession in the nine months following his arrest. 355 F.3d at 344. During the offense of conviction, police discovered drug paraphernalia, a pistol, and a shotgun after a search of Brummett's home in connection with a check-forging-scheme investigation. *Id.* Seven months later, police searched his home as part of a methamphetamine ("meth") lab investigation and found a handgun and meth manufacturing equipment. *Id.* Two months later, police discovered a rifle, meth lab, and meth in Brummett's motel room. *Id.* This court affirmed the district court's relevant-conduct finding, holding that Brummett's "pattern of behavior of possessing firearms was similar." *Id.* at 345.

The parties disagree as to whether similarity in the context of felon-in-possession charges requires more than a showing of mere possession of a firearm. While the court in *Brummett* did not explicitly find Brummett's other firearm possessions relevant only because drugs as well as guns were present at all the scenes, it did not explicitly hold that a felon's mere possession of a firearm satisfies the similarity factor. However, in supporting its holding, the *Brummett* court cited three cases from other circuits appearing to hold that firearm possession alone satisfied similarity. *Id.* (citing *United States v. Santoro*, 159 F.3d 318, 321 (7th Cir. 1998); *United States v. Windle*, 74 F.3d 997, 1000–01 (10th Cir. 1996); *United States v. Powell*, 50 F.3d 94, 104 (1st Cir. 1995)). In *Powell*, the First Circuit explicitly stated that "the contemporaneous, or nearly contemporaneous, possession of uncharged firearms is, in this circuit, relevant conduct in the context of a felon-in-possession prosecution." 50 F.3d

No. 18-11257

at 104. We agree and hold that it was not clearly erroneous for the district court to find Brown's other firearm-related conduct similar.[3]

The second factor, regularity, is satisfied when "there is evidence of a regular, i.e., repeated, pattern of similar unlawful conduct directly linking the purported relevant conduct and the offense of conviction." *Rhine*, 583 F.3d at 889–90. In *Brummett*, the court noted that the defendant possessed firearms on "three separate occasions within a nine month period," and that his "pattern of behavior of possessing firearms was . . . regular." 355 F.3d at 345. It was not clearly erroneous for the district court to conclude that Brown's three separate firearms-related offenses represented a regular pattern.

Finally, this court typically uses one year "as the benchmark for determining temporal proximity," which is the third factor. *Rhine*, 583 F.3d at 886–87. Here, Brown's firearm possessions all occurred less than a year apart. The district court did not clearly err in holding that the temporal proximity of Brown's offenses weighed in favor of finding the conduct relevant.

AFFIRMED.

---

[3] We acknowledge that in defining similar conduct in some drug cases this court has required that the allegedly similar conduct involve more than the mere presence of the same drug. *See e.g.*, *United States v. Rhine*, 583 F.3d 878, 888–89 (5th Cir. 2009). But drug cases are analogically distinct from felon-in-possession cases where the elements of the underlying offense are simply being a convicted felon in possession of a firearm.