# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 16, 2020

Lyle W. Cayce
Clerk

No. 19-10824

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CORRY JESSIE,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CR-444-1

Before HIGGINBOTHAM, JONES, and HIGGINSON, *Circuit Judges*.

PER CURIAM:*

Corry Jessie pleaded guilty to two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and was sentenced to a total of 55 months in prison. Jessie argues that the district court clearly erred in increasing his offense level by four levels under U.S.S.G. § 2K2.1(b)(6)(B) and by two levels under § 2K2.1(b)(1)(A).

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-10824

The district court applied the four-level increase after finding that Jessie's January 2017 offense, being a felon in possession of a firearm in connection with the felony offense of aggravated assault with a deadly weapon, constituted relevant conduct with respect to his offenses of conviction, which occurred in June and November 2017, because all of the offenses were part of the same course of conduct. The district court applied the two-level increase after finding that Jessie possessed three firearms, which included the firearm used in the January 2017 offense.

In determining whether the Guidelines at issue apply, the district court must consider the offenses of conviction as well as relevant conduct, which includes conduct that was part of "the same course of conduct," such as an "ongoing series of offenses." U.S.S.G. § 1B1.3(a)(2); § 1B1.3, comment. (n.5(B)(ii)); § 2K2.1, comment. (n.14(E)); *see United States v. Rhine*, 583 F.3d 878, 886 (5th Cir. 2009). Relevant course-of-conduct factors are "the degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses." § 1B1.3, comment. (n.5(B)(ii)); *see Rhine*, 583 F.3d at 886. With respect to the four-level increase, we review the district court's application of the Guidelines de novo and its factual findings for clear error. *See United States v. Brummett*, 355 F.3d 343, 344 (5th Cir. 2003). With respect to the two-level increase, we review for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

Jessie argues that the January 2017 offense does not constitute relevant conduct because, when compared to the offenses of conviction, it was not similar, regular, or temporally proximate. He contends that the district court relied too heavily on general similarities—the unlawful possession of firearms in or near a vehicle—without regard to the more specific differences—the types of firearms, the occupants of the vehicles, and the nature of the underlying offense conduct, including the context in which it occurred.

No. 19-10824

Jessie's three unlawful possession offenses occurred over a period of 10 months, creating a pattern that was similar and regular. The district court did not clearly err in concluding that Jessie's unlawful firearm possession in January 2017, which occurred in connection with another felony offense, constituted relevant conduct because it was part of his ongoing series of illegal firearm possessions over the course of 10 months. *See Brummett*, 355 F.3d at 345; U.S.S.G. § 2K2.1(b)(6)(B), comment. (n.14(E)(ii)). The case law Jessie cites to distinguish *Brummett* concerns drug-related crimes. This court has already rejected that line of reasoning in an unpublished opinion. *See United States v. Brown*, 783 F. App'x 330, 333 n.3 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 1136 (2020) ("We acknowledge that in defining similar conduct in some drug cases this court has required that the allegedly similar conduct involve more than the mere presence of the same drug. . . . But drug cases are analogically distinct from felon-in-possession cases where the elements of the underlying offense are simply being a convicted felon in possession of a firearm."). *Brummett* controls.

In light of the foregoing, the district court did not clearly err in applying the four-level increase under § 2K2.1(b)(6)(B). *Id.* It also did not plainly err in applying the two-level increase under § 2K2.1(b)(1)(A) after finding that Jessie possessed three firearms, including the firearm in the January 2017 relevant conduct offense.

**AFFIRMED.**