# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 25, 2021

Lyle W. Cayce
Clerk

No. 20-50253
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

GABRIEL A. LUNA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:18-CR-259-1

Before CLEMENT, HIGGINSON, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:[*]

Gabriel A. Luna appeals his 210-month sentences for conspiring to possess with intent to distribute and to distribute methamphetamine and cocaine. He contends that the district court erred by assigning him two criminal history points under U.S.S.G. § 4A1.1(d) for his 2015 conviction for

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-50253

manufacturing or delivering cocaine under Texas Health and Safety Code § 481.112(a) (2015 drug conviction) rather than treating that conviction as relevant conduct.

Under the Sentencing Guidelines, two points are added "if the defendant committed the instant offense while under any criminal justice sentence." § 4A1.1(d). The term "criminal justice sentence" is, in turn, defined as "a sentence countable under § 4A1.2." § 4A1.1, comment. (n.4). Under U.S.S.G. § 4A1.2(a)(1), a "'prior sentence' means any sentence previously imposed upon adjudication of guilt . . . for conduct not part of the instant offense." "[T]he critical inquiry of what constitutes conduct not part of the instant offense focuses on [whether the conduct was] relevant conduct" under U.S.S.G. § 1B1.3. *United States v. Yerena-Magana*, 478 F.3d 683, 688 (5th Cir. 2007) (internal quotation marks and citation omitted). "Relevant conduct includes 'all acts and omissions . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction.'" *United States v. Benns*, 740 F.3d 370, 373 (5th Cir. 2014) (quoting § 1B1.3(a)(2)).

The determination of what constitutes relevant conduct is a finding of fact that we ordinarily review for clear error. *United States v. Brummett*, 355 F.3d 343, 345 (5th Cir. 2003). However, because Luna did not raise his argument in the district court, we review only for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

The offense conduct and sentence associated with the 2015 drug conviction predated Luna's actual participation in the instant conspiracies, as described in the factual resume and presentence report, by nearly three years. *See* § 1B1.3, comment. (n.5(C)) ("[O]ffense conduct associated with a sentence that was imposed prior to the acts or omissions constituting the instant federal offense . . . is not considered as part of the same course of

No. 20-50253

conduct or common scheme or plan as the offense of conviction."). Moreover, the 2015 drug conviction and the instant convictions share none of the same criminal actors outside of Luna and have materially different offense elements. *Compare* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), *with* 21 U.S.C. § 846; *see United States v. Rodriguez*, 831 F.3d 663, 666 (5th Cir. 2016) (setting forth essential elements of federal drug conspiracy). Luna therefore fails to show that the district court plainly erred. *See Puckett*, 556 U.S. at 135.

AFFIRMED.