22-1179-cr
*United States v. Fortune*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of October, two thousand twenty-three.

PRESENT:    Guido Calabresi,
            Steven J. Menashi,
            Myrna Pérez,
                *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

      *Appellee,*

  v.                                                    No. 22-1179-cr

TYRIEK FORTUNE, AKA Sealed Defendant 1, AKA Rico Balla,

      *Defendant-Appellant.*

_____

*For Appellee*:                          ANDREW JONES, Assistant United States Attorney (David Abramowicz, Assistant United States Attorney, *on the brief*), *for* Damian Williams, United States Attorney for the Southern District of New York, New York, New York.

*For Defendant-Appellant*:               DONALD J. YANNELLA III, Donald Yannella P.C., New York, New York.

Appeal from the United States District Court for the Southern District of New York (Caproni, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Tyriek Fortune appeals from the judgment of the district court dated May 26, 2022, imposing a sentence following Fortune's guilty plea to unlawfully possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1). The district court applied two sentencing enhancements. First, because Fortune had also unlawfully possessed other firearms prior to his arrest, the district court added four levels to his sentence. Second, because Fortune had also trafficked in firearms, the court added another four levels. Fortune argues that the district court erred in applying these enhancements. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"The district courts have discretion to select an appropriate sentence, and in doing so are statutorily bound to consider … the advisory Guidelines range. The courts of appeals then review for abuse of discretion." *United States v. Cavera*, 550 F.3d 180, 188 (2d Cir. 2008). A district court must "find facts relevant to sentencing

2

by a preponderance of the evidence." *United States v. Garcia*, 413 F.3d 201, 220 n.15 (2d Cir. 2005). We then "review[] the district court's interpretation of the Sentencing Guidelines *de novo*, and review[] the district court's findings of fact for clear error." *United States v. Rubenstein*, 403 F.3d 93, 99 (2d Cir. 2005).

**I**

We conclude that the district court did not abuse its discretion in applying the first enhancement. Under the Sentencing Guidelines, the sentence for an offense should take account of conduct that is "part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2). Instances of unlawful conduct are "part of the same course of conduct if they are sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses." *Id.* § 1B1.3 comment. (n.5(B)(ii)). When a defendant has been convicted of unlawful possession of a firearm as a felon, courts generally decide that the defendant's recent possession of other firearms is sufficiently related to the offense of conviction to qualify as part of the same course of conduct.[1] In this case, Fortune unlawfully possessed the additional firearms no more than four months prior to his arrest—not so removed in time as to form a separate course of conduct. *See United States v. Santiago*, 906 F.2d 867, 873 (2d Cir. 1990) ("[W]e cannot conclude that the mere fact that the events were separated by some eight months means they are not part of the same course of conduct."). Fortune's first sentence enhancement was therefore warranted under the Guidelines.

Fortune argues that the government did not prove that the firearms in the images and videos appearing on his phone were real firearms. Fortune claims that, as an aspiring rapper, he "had access to replica and 'prop' firearms." Appellant's

---

[1] *See United States v. Parlor*, 2 F.4th 807, 812 (9th Cir. 2021); *United States v. Brummett*, 355 F.3d 343, 345 (5th Cir. 2003); *United States v. Santoro*, 159 F.3d 318, 321 (7th Cir. 1998); *United States v. Windle*, 74 F.3d 997, 1000-01 (10th Cir. 1996); *United States v. Powell*, 50 F.3d 94, 104 (1st Cir. 1995).

Br. at 9. At a *Fatico* hearing, however, an officer of the Bureau of Alcohol, Tobacco, Firearms and Explosives testified that at least eleven of the firearms in the images and videos were real. The officer testified that no replicas were available for six of the guns. On an additional five, certain features—such as the serial number on a Glock or the loaded ammunition in a Smith & Wesson 5906—distinguished the firearms in the images and videos from replicas. The district court concluded that "the government's evidence was persuasive that the guns looked real" because "[t]hey were handled like they were real, they were loaded, and at least one was fired," J. App'x 241, and that "there are very specific facts about five of those guns that would lead me to conclude by clear and convincing evidence that they were … not replica guns," *id.* at 223. The district court did not clearly err in finding that Fortune possessed at least eight guns, warranting a four-level enhancement.

## II

Fortune challenges the second enhancement on two grounds. First, he claims that the government did not prove he sold any firearms. The first element of the gun-trafficking sentence enhancement is satisfied, however, if the defendant "received two or more firearms with the *intent* to transport, transfer, or otherwise dispose of firearms to another individual." U.S.S.G. § 2K2.1 comment. (n.13(A)(i)) (emphasis added). The district court found, based on text messages recovered from Fortune's phone, that Fortune intended to transfer the firearms. That finding was not clearly erroneous.

Second, Fortune argues that the government did not prove that he knew or had reason to believe that the use of the firearms by "Sleazy Spade"—the counterparty in the text message exchanges—would be unlawful, as required for the enhancement. *Id.* § 2K2.1 comment. (n.13(A)(ii)). The record supports the district court's finding that Sleazy Spade likely intended to use the guns unlawfully. Sleazy Spade told Fortune that he needed guns "ASAP"—"[a]s many as possible"—which suggests violent activity. J. App'x 208. Furthermore, this was a black-market transaction involving firearms acquired out of state, which could

4

lead a reasonable factfinder to conclude that the purchaser's use of the firearms would be unlawful. As the district court observed, the fact that "gun control laws in New York are [very] strict and … [Fortune] is not in the legitimate business of selling guns" suggests that "Sleazy Spade's possession was unlawful and that he intended to use the gun unlawfully." *Id.* at 243. The district court also credited expert testimony, based on the use of code words in the text messages, that Sleazy Spade was a member of a gang. These findings were not clearly erroneous, so the district court did not abuse its discretion in applying the second enhancement.

### III

Finally, Fortune argues that N.Y. Penal Law § 265.01—which, according to the government's sentencing memorandum, Sleazy Spade would have violated by possessing a firearm without a license—is unconstitutional pursuant to the Supreme Court's recent decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022). For that reason, Fortune suggests, Sleazy Spade's possession would not have been unlawful. Fortune did not raise this argument before the district court, so we review this issue only for plain error. *See Johnson v. United States*, 520 U.S. 461, 464 (1997). Under that standard, the error must be "clear or obvious, rather than subject to reasonable dispute." *United States v. Montague*, 67 F.4th 520, 528 (2d Cir. 2023) (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)).

Neither we nor the Supreme Court have addressed the constitutionality of N.Y. Penal Law § 265.01, and for that reason the constitutionality of the provision is not "clear under current law." *United States v. Whab*, 355 F.3d 155, 158 (2d Cir. 2004). "[T]ypically," we do not identify a plain error when "the operative legal question is unsettled, including where there is no binding precedent from the Supreme Court or this Court." *Id.* The district court in this case did not plainly err.

\*   \*   \*

For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court