# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 1, 2024

Lyle W. Cayce
Clerk

———————————

No. 23-20395
Summary Calendar

———————————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ROBERT RAKESTRAW,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CR-170-2

_____

Before BARKSDALE, ENGELHARDT, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Robert Rakestraw contests the 30-months' sentence imposed following his guilty-plea conviction for making false statements in connection with the acquisition of a firearm, in violation of 18 U.S.C. §§ 922(a)(6), 2 (punishing as principals individuals who aid or abet). He challenges the district court's applying a six-level-sentencing enhancement under Guideline

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

§ 2K2.1(b)(1)(C) (outlining increase when between 25 and 99 firearms are involved). Rakestraw maintains: he is accountable for only the 23 firearms purchased by his codefendant; and the 54 firearms he purchased personally should not have been included as relevant conduct.

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Specific offense characteristics, including the number of firearms involved, are determined by the "Relevant Conduct" principles in Guideline § 1B1.3. *E.g.*, *United States v. Longstreet*, 603 F.3d 273, 278–79 (5th Cir. 2010) (discussing number of firearms determination). "Relevant conduct includes offenses that are part of the same course of conduct or common scheme or plan as the offense of conviction." *United States v. Brummett*, 355 F.3d 343, 344 (5th Cir. 2003).

The court did not clearly err in finding Rakestraw's individual purchases of 54 firearms was relevant conduct for the Guideline § 2K2.1(b)(1)(C) enhancement. *See, e.g.*, *United States v. Barfield*, 941 F.3d 757, 761–63 (5th Cir. 2019) (discussing relevant-conduct standard). The unrebutted facts in the presentence investigation report (PSR) showed Rakestraw's purchases, and his codefendant's straw purchases, were part of a common course of conduct and series of ongoing offenses because they

were connected in similarity, regularity, and time. *See* Guideline § 1B1.3, cmt. n.5(B)(ii) (outlining meaning of "Same course of conduct").

Rakestraw asserts the recovery of the firearms he purchased is too speculative to show that his purchases were unlawful or that he falsely certified the ATF forms. He contends there is no direct evidence establishing he engaged in any sale or transfer of the firearms he personally purchased.

Nevertheless, the Government was not required to present any direct evidence of a sale or transfer. *E.g.*, *United States v. Robinson*, 654 F.3d 558, 562–63 (5th Cir. 2011) ("Further, direct evidence [that] conclusively establishes intent is not necessary to support the enhancement because the sentencing court is permitted to make common-sense inferences from the circumstantial evidence." (alteration in original) (citation omitted)). The district court inferred such sale or transfer from the abundant evidence in the PSR, including: the number of firearms purchased; the codefendant's stating Rakestraw often sold or gave away firearms; firearms purchased by Rakestraw were found in the possession of others at the scene of numerous accidents and crimes; and Rakestraw's online messages offering firearms for sale or to purchase firearms for others. *See id.*; *Barfield*, 941 F.3d at 762–63.

Rakestraw briefly asserts, for the first time on appeal, that the district court's applying the enhancement undermines *District of Columbia v. Heller*, 554 U.S. 570 (2008); *McDonald v. City of Chicago*, 561 U.S. 742 (2010); and *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). In addition to the limited review, if any, accorded such belated contentions, this contention is merely reasserting his earlier contention that there is no proof that he lied on the ATF forms when purchasing 54 firearms or that he transferred any of those firearms to others.

AFFIRMED.