United States Court of Appeals
Fifth Circuit

**F I L E D**

May 1, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-30860
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH E. FAUSPHOUL,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:06-CR-10010-1
--------------------

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Joseph E. Fausphoul appeals the 27-month sentence he received after his guilty-plea conviction for being a felon in possession of ammunition. He argues that the district court erred in its interpretation and application of the Sentencing Guidelines. He also argues that the sentence of 27 months of imprisonment is unreasonable and constitutes an abuse of discretion.

Fausphoul argues that the district court erred in applying the four level enhancement of § 2K2.1(b)(1)(B) on the basis that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his offense of possession of ammunition in February 2006 involved 17 firearms possessed in January and March of 2005. The district court's findings that Fausphoul had knowledge and access to all 17 firearms is not clearly erroneous. Fausphoul's challenge to the court's interpretation and application of the guidelines lacks merit.

Fausphoul also argues that the finding that the possession of ammunition "involved" the possession of the firearms as "relevant conduct" was erroneous because no firearms were found at the time the ammunition was discovered, the ammunition belonged to others, and the possessions were temporally remote. Under § 1B1.3, conduct is deemed relevant conduct regarding another offense for enhancement purposes when the "acts and omissions . . . were part of the same course of conduct or common scheme or plan as the offense of conviction." When "activities are relatively remote in time from the offense of conviction, a stronger showing of similarity or regularity is necessary to compensate for the absence of temporal proximity in order for the offenses to be part of the same course of conduct." United States v. Miller, 179 F.3d 961, 966-67 (5th Cir. 1999)(internal quotation and citation omitted). Nevertheless, even if a time span of more than a year separates the offenses, the court may find the offenses part of the same course of conduct when other factors are strong enough to support the finding. United States

v. Wall, 180 F.3d 641, 646 (5th Cir. 1999); § 1B1.3(a)(2) and comment. (n. 9(A) and (B)).

Fausphoul possessed firearms in January of 2005; he possessed firearms and ammunition in March of 2005; and he possessed in February of 2006 a significant amount of ammunition that could be used in the firearms previously discovered. Fausphoul possessed the firearms and ammunition after a felony conviction. He possessed distinctively similar firearms (shotguns) and the ammunition could be used in some of those seized firearms. Fausphoul's pattern of behavior of possessing illegal firearms and ammunition on three occasions over a time span of 14 months was sufficiently similar and regular under the facts presented to constitute the same course of conduct. See United States v. Brummett, 355 F.3d 343, 344 (5th Cir. 2003). Thus, the district court's finding that the possession of the firearms was connected in terms of "relevant conduct" with the ammunition discovered a year later was not clearly erroneous.

Fausphoul also argues that the district court erred in failing to apply the sporting/collection exception of § 2K2.1(b)(2) because the firearms and ammunition at issue were either hunting firearms, antiques, or family heirlooms. In light of testimony from Fausphoul's own witness, his ex-wife, that he had not hunted since his 1997 felony conviction; testimony from agents that Fausphoul never mentioned hunting or collecting when questioned about the firearms; and evidence that some of the

firearms were found loaded and that others were not stored in a manner consistent with a "collection," there is insufficient support for Fausphoul's assertion that the firearms found in the search of his home were used for sporting or collection purposes. Accordingly, the district court did not err in finding that Fausphoul had not proven the exception by a preponderance of the evidence.

Fausphoul further argues that his sentence of 27 months of imprisonment is unreasonable. Because the district court sentenced Fausphoul in the middle of the properly calculated guideline range of 24 to 30 months of imprisonment, this court infers that the district court took the § 3553(a) factors into consideration when it sentenced Fausphoul to a 27-month term of imprisonment. See United States v. Mares, 402 F.3d 511, 519 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005).

The district court's judgment is AFFIRMED.