**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 23, 2009

Charles R. Fulbruge III
Clerk

No. 08-40610
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MELVIN BRADLEY BOUTTE

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:07-CR-50-ALL

Before HIGGINBOTHAM, BARKSDALE, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Melvin Bradley Boutte appeals the 87-month term of imprisonment imposed following his guilty-plea conviction for being a felon in possession of a firearm. He contends the district court erred in calculating his offense level and by not ordering his sentence to run concurrently to *future* sentences.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

During a traffic stop in December 2006, a state trooper smelled the odor of burning marijuana in Boutte's vehicle and, upon searching the vehicle, found $4,995 and a firearm. At sentencing, the district court determined Boutte had two offenses qualifying as relevant conduct under U.S.S.G. § 1B1.3 (discussing the relevant conduct that determines the guideline sentencing range). Therefore, those offenses were considered in determining Boutte's offense level under the Sentencing Guidelines. *See* U.S.S.G. § 1B1.3.

The first of the two relevant-conduct offenses occurred in October 2006, when Louisiana police stopped and searched Boutte's vehicle as part of an investigation into drug activity. The officers discovered a firearm in the vehicle. In addition, when officers searched a second vehicle registered to Boutte, they discovered another firearm.

The second of the two relevant-conduct offenses occurred in March 2007, following Boutte's indictment in the instant matter and the issuance of a federal arrest warrant. For that offense, officers observed Boutte engaged in apparent drug-related activity. They conducted a traffic stop; arrested Boutte pursuant to the warrant; and, during a search of his home subsequent to his arrest, discovered four more firearms.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 128 S. Ct. 586, 596 (2007). In that respect, its application of the guidelines is reviewed *de novo*; its factual findings only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

Boutte contends the district court should have considered only the December 2006 offense to determine his offense level. Boutte asserts that the other two offenses (October 2006 and March 2007) were not part of a common

scheme or plan because they were not sufficiently similar, regular, or temporally proximate. *See* U.S.S.G. § 1B1.3, application note 9(b). In *United States v. Brummett*, 355 F.3d 343, 344-45 (5th Cir. 2003), our court ruled the defendant's possession of four firearms on three separate occasions over the course of nine months was part of the same course of conduct because such possession was similar, regular, and within a sufficiently small time period.

In the matter at hand, the offenses all occurred within five months, falling approximately two and a half months apart each time. In each instance, the offenses involved cash and narcotics, as well as firearms. Two of the searches resulted from investigations into suspected drug activity by Boutte. As in *Brummett*, the "pattern of behavior of possessing firearms was similar and regular, and the time period between the offenses permits a conclusion that the firearms possessions were part of an ongoing series of offenses". *Brummett*, 355 F.3d at 345.

A district court's decision on what constitutes relevant conduct for sentencing purposes is a factual finding, reviewed only for clear error. *E.g., United States v. Mann*, 493 F.3d 484, 497 (5th Cir. 2007). Boutte has failed to show that the court clearly erred when it determined that possession of the firearms in October 2006 and March 2007 was relevant conduct for his December 2006 offense. *See Brummett*, 355 F.3d at 345. Because the district court did not clearly err in treating the October 2006 offense as relevant conduct, Boutte has also failed to show that the district court erred when, based on the October 2006 offense, it increased his offense level by four because he used a firearm in connection with another felony offense. *See* U.S.S.G. § 1B1.3; *Brummett*, 355 F.3d at 344-45.

Boutte has also failed to show that *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *Shepard v. United States*, 544 U.S. 13 (2005), have called *Brummett* into question or have prohibited the district court's findings regarding the offense-level adjustments

in this case. *Apprendi*, issued before *Brummett*, does not apply because Boutte's 87-month term of imprisonment was well within the statutory maximum. *See Apprendi*, 530 U.S. at 490; *see also Cunningham v. California*, 549 U.S. 270, 274-75 (2007). Furthermore, our court has held the district court may find, by a preponderance of the evidence, facts relevant to the determination of the advisory guidelines sentencing range. *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005).

Finallly, Boutte's contention that U.S.S.G. § 5G1.3(b) required the district court to order his sentence to run concurrently with *any future* state-court sentence is unavailing. The district court did not order the sentence be run consecutively to any future sentence. Instead, this decision was left to any court that might sentence Boutte in the future. In any event, Boutte has not established the applicability of this guideline, because he has not shown his not-yet-imposed sentence(s) to be "undischarged" within the meaning of Guideline § 5G1.3(b).

AFFIRMED.