## IN THE UNITED STATES COURT OF APPEALS
### FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 30, 2013

No. 12-10070

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

CHRISTOPHER YOUNG,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CR-102-1

Before HIGGINBOTHAM, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Defendant–Appellant Christopher Young appeals the district court's denial of his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence on the ground of ineffective assistance of counsel. Young also asserts that the district court abused its discretion by failing to hold an evidentiary hearing regarding his motion. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-10070

## I

An indictment charged Young with two counts of being a felon-in-possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Count One of the indictment alleged that Young possessed a Taurus 9mm pistol on or about September 4, 2008.  Count Two alleged that Young possessed a Springfield .40 caliber pistol on or about September 1, 2009.  Young pleaded guilty to Count Two of the indictment, and Count One was dismissed.

Young's presentence report (PSR) included enhancements for both firearms at issue in the indictment.  In relevant part, the PSR included a two-level increase pursuant to section 2K2.1(b)(4)(A) of the Sentencing Guidelines for possession of the Taurus pistol, which allegedly had been stolen.  Although Young filed objections to the PSR, he did not object to the section 2K2.1(b)(4)(A) enhancement.  After granting one of Young's objections as well as his request for a downward variance in his criminal history category, the district court imposed a within-Guidelines sentence of 71 months of imprisonment.  Young did not challenge his sentence on direct appeal.

Young later filed a § 2255 motion asserting a number of claims, including those at issue in this appeal.  The district court denied Young's motion.  Young timely filed a request for a certificate of appealability (COA), but the district court denied the request.  This appeal followed, and we granted a COA with respect to the two issues now before us.

## II

Young first argues that the district court erroneously denied his § 2255 claim of ineffective assistance of counsel.  "We review a district court's conclusions with regard to a petitioner's § 2255 claim of ineffective assistance of counsel de novo."[1]  To prove his ineffective-assistance claim, Young must

---

[1] *United States v. Fields*, 565 F.3d 290, 293 (5th Cir. 2009) (quoting *United States v. Molina-Uribe*, 429 F.3d 514, 518 (5th Cir. 2005)) (internal quotation marks omitted).

demonstrate both that his "counsel's performance was deficient" and "that the deficient performance prejudiced the defense."[2] In this case, since Young cannot prove that his counsel's performance was deficient, his claim fails.

Proving that counsel's performance was deficient "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" based on "an objective standard of reasonableness."[3] Recognizing that "the purpose of the effective assistance guarantee . . . is not to improve the quality of legal representation" but instead "to ensure that criminal defendants receive a fair trial," the Supreme Court has explained that "[j]udicial scrutiny of counsel's performance must be highly deferential."[4] As such, we "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[5]

We have explained that the objective-reasonableness standard requires counsel to discover and assert "[s]olid, meritorious arguments based on directly controlling precedent."[6] By contrast, "we have repeatedly held that 'there is no general duty on the part of defense counsel to anticipate changes in the law.'"[7] Similarly, counsel need not "raise a claim that courts in the controlling

---

[2] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[3] *Id.* at 687-88.

[4] *Id.* at 689.

[5] *Id.*

[6] *United States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003) (quoting *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000)) (internal quotation marks omitted).

[7] *United States v. Fields*, 565 F.3d 290, 294 (5th Cir. 2009) (quoting *Green v. Johnson*, 116 F.3d 1115, 1125 (5th Cir. 1997)).

jurisdiction have repeatedly rejected."[8]  Indeed, counsel is not required even to "raise every nonfrivolous ground of appeal available."[9]

Here, Young asserts that his counsel's performance was ineffective because counsel failed to object to the PSR's inclusion of the section 2K2.1(b)(4)(A) enhancement based on his possession of the Taurus pistol in September 2008. Section 2K2.1(b)(4)(A) of the Guidelines provides as a "specific offense characteristic" that if the offense involved any firearm that was stolen, the base offense level should be increased by two levels.[10]  A court must make this determination based on the defendant's relevant conduct,[11] which includes not only the offense of conviction but also "offenses that are part of the same course of conduct . . . as the offense of conviction."[12]  Offenses "qualify as part of the same course of conduct if they are sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses."[13] The Guidelines advise that the following factors are relevant in making this inquiry: (1) "the degree of similarity of the offenses," (2) "the regularity (repetitions) of the offenses," and (3) "the time interval between the offenses."[14] Noting the 362-day gap between his possession of the Springfield pistol in September 2009, for which he was convicted, and his possession of the

---

[8] *Id.* (citing *Green*, 116 F.3d at 1125).

[9] *United States v. Williamson*, 183 F.3d 458, 463 (quoting *Green v. Johnson*, 160 F.3d 1029, 1043 (5th Cir. 1998)) (internal quotation marks omitted).

[10] U.S. SENTENCING GUIDELINES MANUAL § 2K2.1(b)(4)(A) (2009).

[11] *Id.* §§ 1B1.3(a)(2), 3D1.2(d).

[12] *United States v. Brummett*, 355 F.3d 343, 344 (5th Cir. 2003) (per curiam) (citing *United States v. Vital*, 68 F.3d 114, 118 (5th Cir. 1995)).

[13] U.S. SENTENCING GUIDELINES MANUAL § 1B1.3, cmt. n.9(B).

[14] *Id.*

No. 12-10070

Taurus pistol in September 2008, as well as the seeming absence of evidence indicating that his possessions were connected, Young contends that his possession of the Taurus pistol should not have been considered part of his relevant conduct.

Even assuming that Young's argument regarding the application of section 2K2.1(b)(4)(A)'s enhancement were meritorious,[15] given the state of our precedent as of Young's sentencing, we cannot conclude that his counsel's performance was constitutionally deficient. A review of our case law reveals no precedent that addressed identical facts to those in Young's case. However, three of this court's decisions—one published, and two unpublished—dealt with similar facts on direct appeal, and each held that the district court did *not* clearly err by considering other possessions as part of a defendant's relevant conduct.[16] For example, in *United States v. Brummett*,[17] the defendant, Brummett, was convicted of being a felon-in-possession of a firearm based on his possession of a pistol and shotgun on January 18, 2001.[18] Between his conviction and sentencing, Brummett was found in possession of firearms on two occasions—once in July 2001, and again in September 2001.[19] This court held that the district court did not clearly err in considering the July and September possessions as part of Brummett's relevant conduct, explaining as follows:

> Brummett possessed four firearms on three separate occasions within a nine month period. He possessed all four firearms after a

---

[15] We express no opinion regarding the merits of Young's argument, and our opinion should not be so read.

[16] *United States v. Boutte*, 321 F. App'x 342 (5th Cir. 2009) (per curiam); *United States v. Fausphoul*, 232 F. App'x 400 (5th Cir. 2007) (per curiam); *Brummett*, 355 F.3d 343.

[17] 355 F.3d 343.

[18] *Brummett*, 355 F.3d at 344.

[19] *Id.*

felony conviction. Brummett's pattern of behavior was similar and regular, and the time period between offenses permits a conclusion that the firearms possessions were part of an ongoing series of offenses.[20]

Since *Brummett*, this court has upheld, on similar logic, consideration of two possessions of firearms that each occurred within two and a half months of the offense of conviction—one before and one after[21]—as well as consideration of two possessions of firearms eleven and thirteen months prior to the offense of conviction.[22]

As of Young's sentencing, then, the existing decisions of this court suggested that an objection to the inclusion of the September 2008 possession of the Taurus pistol as part of Young's relevant conduct would have lacked merit.[23] Young possessed two firearms within a twelve-month period, and both firearms

---

[20] *Id.* at 345.

[21] The panel in *Boutte* explained as follows:

[T]he offenses all occurred within five months, falling approximately two and a half months apart each time. In each instance, the offenses involved cash and narcotics, as well as firearms. Two of the searches resulted from investigations into suspected drug activity by Boutte. As in *Brummett*, the "pattern of behavior of possessing firearms was similar and regular, and the time period between offenses permits a conclusion that the firearms possessions were part of an ongoing series of offenses."

*Boutte*, 321 F. App'x at 343-44 (quoting *Brummett*, 355 F.3d at 345).

[22] The panel in *Fausphoul* explained as follows:

Fausphoul possessed firearms in January of 2005; he possessed firearms and ammunition in March of 2005; and he possessed in February of 2006 a significant amount of ammunition that could be used in the firearms previously discovered. He possessed distinctively similar firearms (shotguns) and the ammunition could be used in some of those seized firearms. Fausphoul's pattern of behavior of possessing illegal firearms and ammunition on three occasions over a time span of 14 months was sufficiently similar and regular under the facts presented to constitute the same course of conduct.

*United States v. Fausphoul*, 232 F. App'x 400, 401 (5th Cir. 2007) (per curiam) (citing *Brummett*, 232 F. App'x at 401).

[23] To be clear, no opinion of this court has since departed from the *Brummett* logic.

were pistols. Both possessions occurred following Young's conviction of a felony. As discussed above, our cases have concluded that similar facts permitted the inclusion of other possessions as part of a defendant's relevant conduct. We therefore cannot say that Young's counsel's failure to object to the section 2K2.1(b)(4)(A) enhancement rendered his assistance constitutionally deficient. Our consideration of Young's ineffective-assistance claim accordingly ends here.

## III

Young next contends that the district court erred by failing to hold an evidentiary hearing on his § 2255 motion. We review the district court's decision in this context for abuse of discretion.[24] We may affirm the district court's refusal to hold an evidentiary hearing "[i]f, on the record before us, 'we can conclude as a matter of law that [the petitioner] cannot establish one or both of the elements necessary to establish his constitutional claim.'"[25] Young here identifies no factual dispute that prevents us from resolving his ineffective assistance claim; it fails as a matter of law. Therefore, the district court did not abuse its discretion by failing to hold a hearing on Young's motion.

\*     \*     \*

AFFIRMED.

---

[24] *United States v. Demik*, 489 F.3d 644, 646 (5th Cir. 2007) (per curiam) (citing *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).

[25] *United States v. Fields*, 565 F.3d 290, 298 (5th Cir. 2009) (second alteration in original) (quoting *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995)).