# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 9, 2024

Lyle W. Cayce
Clerk

No. 24-40033

United States of America,

*Plaintiff—Appellee*,

*versus*

Brent Howard,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:22-CR-8-1

Before Dennis, Southwick, and Engelhardt, *Circuit Judges*.
Per Curiam:[*]

Defendant-Appellant Brent Howard appeals a judgment of conviction and sentence, challenging the constitutionality of 18 U.S.C. § 922(g)(1) and the district court's application of sentencing guidelines. We AFFIRM.

I

Brent Howard was indicted for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Howard pleaded guilty

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

to the charge without a plea agreement. The U.S. probation officer's presentence investigation report (PSR) stated that Howard was found in possession of a semiautomatic Ruger 9mm pistol, 15 rounds of ammunition, $2,670 in cash, and 2 pounds of marijuana following a traffic stop on July 20, 2021. The July 20 conduct was the subject of the indictment and the only incident that served as the factual basis of Howard's guilty plea. The PSR also reported that, following his arrest and while released on bond, Howard was again arrested on January 28, 2022. This time he was found in possession of a loaded Taurus 9mm pistol with an extended magazine containing 20 rounds of ammunition, $2,810 in cash, and 16.5 ounces of marijuana.

The PSR found that the January 28, 2022, incident was "part of the same course of conduct or common scheme or plan as the offense of conviction." Accordingly, Howard was held responsible for the Taurus 9mm pistol having a large capacity magazine. The PSR calculated Howard's base offense level as twenty under § 2K2.1(a)(4)(B) of the United States Sentencing Guidelines (USSG) because the offense involved a semiautomatic firearm with a large capacity magazine. Howard objected to the inclusion of the January 28, 2022, incident (and specifically to his possession of the Taurus 9mm pistol) as part of the relevant conduct for his offense because he argued the incident was not part of the same course of conduct. The objections were addressed at the sentencing hearing, and the district court overruled them.

The district court calculated the sentencing range as fifty-seven to seventy-one months and sentenced Howard to sixty-two months in prison—a sentence squarely within the guidelines range. Howard timely appealed.

II

We review the district court's application of the sentencing guidelines de novo and its factual findings for clear error. *United States v. Cisneros-*

No. 24-40033

*Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008) (quotation omitted). A district court's determination of a defendant's relevant conduct is a factual finding reviewed for clear error. *United States v. Nava*, 957 F.3d 581, 586 (5th Cir. 2020) (citing *United States v. Alford*, 142 F.3d 825, 831 (5th Cir. 1998)). "A finding is not clearly erroneous so long as it is plausible in light of the record as a whole." *Id.* (quotation omitted). "We will find clear error only if a review of all the evidence leaves us with the definite and firm conviction that a mistake has been committed." *Id.* (quotation omitted).

When an appellant fails to object in the district court, our review is limited to plain error. *United States v. Fuentes-Canales*, 902 F.3d 468, 473 (5th Cir. 2018) (citing Fed. R. Crim. P. 52(b)). Under the plain-error standard, the defendant bears the burden to show (1) an error; (2) that is clear or obvious, rather than subject to reasonable dispute; and (3) that the error affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009) (citations omitted). If he makes that showing, we have discretion to correct the error, which we exercise if the error seriously affected the fairness, integrity, or public reputation of judicial proceedings. *See id.* "Meeting all four prongs is difficult," but not impossible. *Id.* (citing *United States v. Dominguez Benitez*, 542 U.S. 74, 83 & n.9 (2004)).

## III

Howard raises five issues on appeal: (1) whether § 922(g)(1) plainly violates the Second Amendment in light of *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022); (2) whether § 922(g)(1) plainly violates the Equal Protection Clause in light of *Bruen*; (3) whether § 922(g)(1) plainly violates the Commerce Clause in light of *Bruen*; (4) whether the district court erred in finding a semiautomatic firearm to be relevant conduct to the offense of conviction; and (5) whether there is evidence to support a base offense level

3

under USSG § 2K2.1(a)(4)(B)(i)(I) for a semiautomatic firearm capable of accepting a large capacity magazine. We address each issue in turn.

A

Howard argues that § 922(g)(1) violates the Second Amendment, the Equal Protection Clause, and the Commerce Clause in light of the Supreme Court's decision in *Bruen*, 592 U.S. at 17. As Howard concedes, our review is for plain error because he did not raise these arguments in the district court. *See United States v. Howard*, 766 F.3d 414, 419 (5th Cir. 2014) (citing *United States v. Knowles*, 29 F.3d 947, 950 (5th Cir. 1994)).

*First*, Howard's Second Amendment argument is foreclosed by our precedent. *United States v. Jones*, 88 F.4th 571, 573–74 (5th Cir. 2023), *cert. denied*, 144 S. Ct. 1081 (2024); *see also United States v. Diaz*, No. 23-50452, ___F.4th___, 2024 WL 4223684, at *9 (5th Cir. Sept. 18, 2024) (holding that § 922(g)(1) is constitutional in at least one application—there, as applied to a defendant with predicate convictions for car theft, evading arrest, and possessing a firearm as a felon). Howard acknowledges this impediment but merely raises the issue to preserve it for future appellate review.

*Second*, Howard's Equal Protection Clause argument similarly fails. The Equal Protection Clause requires that all persons similarly situated must be similarly treated. *Stefanoff v. Hays Cnty.*, 154 F.3d 523, 525–26 (5th Cir. 1998). As Howard concedes, this court rejected an equal protection challenge to § 922(g)(1) in *United States v. Darrington*, 351 F.3d 632 (5th Cir. 2003). There, we determined that governmental restrictions on the right to bear arms need not meet a strict scrutiny test because it was not a fundamental right. *Id.* at 635. Howard contends that *Bruen* has rendered *Darrington* "obsolete" because the right to keep and bear arms is a fundamental right, and therefore strict scrutiny should apply. He further argues that § 922(g)(1) "cannot withstand strict scrutiny." A panel of our court has rejected an

identical argument applying the plain-error standard of review. *United States v. Steward*, No. 23-20515, 2024 WL 3082334 (5th Cir. June 21, 2024) (unpublished). "Neither the Supreme Court nor this court sitting en banc has overruled *Darrington*." *Id.* at *1. "Moreover, the purported error is not clearly obvious in the absence of controlling authority establishing that the right to keep and bear arms is a fundamental right." *Id.* (citing *Jones*, 88 F. 4th at 573). We agree with the *Steward* panel.

*Third*, Howard's Commerce Clause argument is foreclosed by our precedent. Howard argues that § 922(g)(1) exceeds the power of Congress under the Commerce Clause, and, in the alternative, he maintains that the statute should be construed to require a closer connection to interstate commerce than alleged or admitted in this case. He acknowledges that his arguments were rejected by this court, but he raises the issue to preserve it for future appellate review. *See United States v. Alcantar*, 733 F.3d 143, 145 (5th Cir. 2013) (holding that § 922(g)(1) is "a valid exercise of Congress's authority under the Commerce Clause").

B

Next, Howard argues that the district court erroneously applied USSG § 2K2.1(a)(4)(B)(i)(I) in calculating his sentencing range because his conduct on July 20, 2021, and January 28, 2022, was not part of the same course of conduct. At the outset, the parties dispute which standard of review (clearly erroneous versus plain error) applies. Because we find that the district court did not clearly err in applying § 2K2.1(a)(4)(B)(i)(I), we need not decide whether the Government is correct that Howard "did not adequately preserve the issue in the district court." Instead, we pretermit the issue and apply the more appellant-friendly clearly erroneous standard.

Doing so here, we start with the text of § 2K2.1(a)(4)(B)(i)(I), which provides for an increased base offense level of twenty for a firearms offense if

the offense involved a "semiautomatic firearm that is capable of accepting a large capacity magazine." The commentary defines "semiautomatic firearm that is capable of accepting a large capacity magazine" as "a semiautomatic firearm that has the ability to fire many rounds without reloading because at the time of the offense (A) the firearm had attached to it a magazine or similar device that could accept more than 15 rounds of ammunition; or (B) a magazine or similar device that could accept more than 15 rounds of ammunition was in close proximity to the firearm." USSG § 2K2.1, cmt. n.2. The parties agree that the PSR applied § 2K2.1(a)(4)(B)(i)(I) based on the firearm that Howard possessed on July 28, 2022, under principles of relevant conduct. *See United States v. Brummett*, 355 F.3d 343, 344 (5th Cir. 2003) ("A district court may consider non-adjudicated offenses . . . that occur after the offense of conviction, provided they constitute relevant conduct under U.S.S.G. § 1B1.3.").

Relevant conduct includes "all acts and omissions . . . that were part of the same course of conduct." USSG § 1B1.3(a)(2). We look at three factors to determine if offenses are part of a defendant's same course of conduct. *United States v. Lopez*, 70 F.4th 325, 329 (5th Cir. 2023). "The three factors for the analysis are (1) 'the degree of similarity of the offenses,' (2) 'the regularity (repetitions) of the offense,' and (3) 'the time interval between the offenses.'" *Id.* (quoting USSG § 1B1.3 cmt. n.5(B)(ii)).

These factors show the district court did not clearly err in finding that Howard's possession of the second firearm on January 28, 2022, was "part of a single episode, spree, or ongoing series of offense." USSG § 1B1.3 cmt. n.5(B)(ii). With respect to the temporal proximity factor, we "typically use[] one year as the benchmark." *Lopez*, 70 F.4th at 329 (citations omitted). Howard's possession of the firearm on January 28, 2022, occurred only six months after his possession of a separate firearm on July 20, 2021. This factor weighs in favor of both firearms being counted as relevant conduct. *See, e.g.,*

*United States v. Brown*, 783 F. App'x 330, 333 (5th Cir. 2019) (unpublished) (affirming relevant conduct finding where "firearm possessions all occurred less than a year apart"); *Brummett*, 355 F.3d at 345 (firearms possessed nine months apart); *United States v. Ocana*, 204 F.3d 585, 590–91 (5th Cir. 2000) ("It is well settled in this circuit that offenses which occur within one year of the offense of conviction may be considered relevant conduct for sentencing." (citations omitted)).

As to the similarity factor, "this court 'inquire[s] whether there are distinctive similarities between the offense of conviction and the remote conduct that signal that they are part of a course of conduct rather than isolated, unrelated events that happen only to be similar in kind.'" *Lopez*, 70 F.4th at 330 (quoting *United States v. Rhine*, 583 F.3d 878, 888 (5th Cir. 2009)). "[I]n the context of a felon-in-possession offense," the context of this case, "a felon's mere possession of a firearm satisfies the similarity factor." *Id.*; *see also Brown*, 783 F. App'x at 333 & n.3 (same). Here, Howard unlawfully possessed a firearm on both July 20, 2021, and January 28, 2022. As the district court and PSR noted, on both instances, the firearms were loaded 9mm pistols found in Howard's car along with cash and marijuana. *United States v. Boutte*, 321 F. App'x 342, 343–44 (5th Cir. 2009) (unpublished) (firearms offenses occurring within five months of each other were relevant conduct where, "[i]n each instance, the offenses involved cash and narcotics, as well as firearms"). Like in *Lopez*, these felon-in-possession offenses committed six months apart satisfy the similarity factor. This factor weighs in favor of both instances of firearm possession being counted as relevant conduct.

Finally, the regularity factor is a closer call. Regularity "is satisfied when 'there is evidence of a regular, i.e., repeated, pattern of similar unlawful conduct directly linking the purported relevant conduct and the offense of conviction.'" *Lopez*, 70 F.4th at 330 (quoting *Rhine*, 583 F.3d at 889–90). Our

court has found regularity when a defendant possessed firearms on three occasions within a nine-month period. *See Brummett*, 355 F.3d at 345. In another case, *Lopez*, regularity was satisfied where the defendant possessed a firearm on one occasion and then possessed a different firearm on two occasions fifteen and seventeen months later. While the facts of this case—Howard possessing one gun in July 2021 and a different gun in January 2022—do not demonstrate the same high degree of regularity found in *Brumett* and *Lopez*, "[a] weak showing as to any one of these factors will not preclude a finding of relevant conduct." *Rhine*, 583 F.3d at 886. "[R]ather, when one of the . . . factors is absent, a stronger presence of at least one of the other factors is required." *Id.* (quotation omitted). Weighing the strength of the temporal proximity and similarity factors against the relative weakness of the regularity factor, we find no clear error in the district court's finding that Howard's conduct on July 20, 2021, and January 28, 2022, were part of the same course of conduct.

## C

In the alternative, Howard argues that the district court plainly erred in applying § 2K2.1(a)(4)(B)(i)(I) because the PSR did not explicitly state whether the loaded Taurus 9mm pistol with an extended magazine containing 20 rounds of ammunition possessed on January 28, 2022, was semiautomatic.[1] Howard concedes that plain error review applies to this issue because he did not raise it in the district court.

---

[1] Again, § 2K2.1(a)(4)(B)(i)(I) provides a higher base offense level if the firearm offense involved a "semiautomatic firearm that is capable of accepting a large capacity magazine." The Government concedes the July 20, 2021, Ruger 9mm pistol cannot support the application of § 2K2.1(a)(4)(B)(i)(I) because there is no evidence in the PSR that, at the time of the offense, the firearm had a magazine attached to or in close proximity to it that could accept more than fifteen rounds of ammunition, as required under the commentary. By contrast, neither the Government nor Howard argue that the large-

"The proponent of an adjustment to the defendant's base offense level bears the burden of establishing the factual predicate 'by a preponderance of the relevant and sufficiently reliable evidence.'" *United States v. Aguilar-Alonzo*, 944 F.3d 544, 549 (5th Cir. 2019) (quoting *United States v. Richardson*, 781 F.3d 237, 249 (5th Cir. 2015)). Howard correctly argues that the PSR did not state that the Taurus 9mm pistol was a semiautomatic firearm. But "in determining whether an enhancement applies, a district court is permitted to draw reasonable inferences from the facts[.]" *United States v. Anguiano*, 27 F.4th 1070, 1073 (5th Cir. 2022) (quotation omitted).

According to the PSR, Howard possessed a "Taurus 9mm pistol" that had "an extended magazine" loaded with "20 rounds of ammunition and was equipped with a light/laser accessory." Howard offered no evidence to rebut these facts before the district court. *See United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012) (holding that the PSR bears sufficient indicia of reliability, and the district court may rely upon the PSR without further inquiry, unless the defendant presents rebuttal evidence demonstrating that the information in the PSR is unreliable). On appeal, Howard does not meaningfully dispute the Government's position that one permissible inference to be drawn from the facts—possession of a pistol equipped with a large capacity magazine holding twenty rounds of ammunition—is that the weapon was semiautomatic. "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous," much less plainly erroneous, which is the applicable standard of review. *United States v. Harris*, 740 F.3d 956, 967 (5th Cir. 2014) (quoting

---

capacity magazine was incompatible with the January 28, 2022, pistol, likely because the PSR states that, at the time of offense, the firearm was a loaded pistol attached with an extended magazine containing twenty rounds of ammunition.

No. 24-40033

*Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985)). Accordingly, the district court did not plainly err in applying a base offense level of twenty under USSG § 2K2.1(a)(4)(B)(i)(I).

## IV

For the foregoing reasons, the judgment of the district court is AFFIRMED.